UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 10-CR-207

JEREMIAH S. BERG,

        Defendant.

**ORDER DENYING MOTION FOR NEW TRIAL
OR JUDGMENT OF ACQUITTAL**

On October 13, 2010, a grand jury sitting in Milwaukee returned an indictment charging Defendant Jeremiah S. Berg with six separate counts: conspiracy to distribute marijuana, using firearms in relation to a drug trafficking crime, possession of a firearm by a felon, and three counts of delivery of cocaine. After several defense requests for adjournment to allow additional time for preparation and substitution of counsel, the case proceeded to trial with Berg represented by Attorney Kirk Obear. On June 30, 2011, a jury returned verdicts finding Berg guilty of all six counts in the indictment. The case was scheduled for sentencing on September 28, 2011, and a pre-sentence investigation report was ordered.

In the meantime, Berg filed a notice of appeal, a timely motion for a new trial pursuant to Fed. R. Crim. P. 33, a motion for recusal, and various other motions and letters, all of them pro se. The sentencing was adjourned to December 2, 2011, due to a family emergency of Attorney Obear. On November 30, 2011, Attorney Obear moved to withdraw as counsel for Berg on the ground that Berg's allegations that Attorney Obear had provided ineffective assistance throughout his

representation of Berg created a conflict of interest. On December 2, 2011, the Court granted Obear's motion, summarily denied Berg's numerous pro se motions, and agreed to appoint yet another attorney to represent Berg at sentencing.

Attorney Martin J. Pruhs was appointed to represent Berg on December 19, 2011, and at a status conference held on January 4, 2012, Attorney Pruhs requested and was granted until March 1, 2012, to review the record and file any post-verdict motions he felt were appropriate. Following a brief extension, Attorney Pruhs filed a supplemental motion for a new trial or judgment of acquittal on Berg's behalf on March 13, 2012. In the supplemental motion filed by Attorney Pruhs, Berg incorporates and realleges all of the claims set forth in his earlier pro se motion for a new trial and adds three new claims of ineffective assistance of counsel relating to Attorney Obear's representation. Berg alleges the Attorney Obear erred in (1) failing to move to sever the marijuana and gun charges from the cocaine distribution charges; (2) failing to file a motion to suppress his July 16, 2010 statement to ATF Special Agent Kenneth Handy and Drug Task Force Investigator Roman Aronstein; and (3) failing to call Roland Peynetsa as a witness at trial. For the reasons that follow, both motions are denied.

**A. Berg's Pro Se Motion**

Berg filed a pro se "Motion for a New Trial (Rule 33)' within the fourteen-day post-verdict deadline while he was still represented by Attorney Obear. The motion asserted various grounds, none of which is developed sufficiently for the Court to recognize any ground upon which relief could be granted. For example, the first ground reads "Violation of Constitutional Rights: Articles: VI, V, VI, VIII, and XIV." (Doc. 61.) Nothing more is stated. The second ground is only slightly more developed. It reads: "Violation of Due Process Rights: 28 § 2255 Sentencing on three counts

of violationg 841(b)(1)(c) this sentence imposed will be in violation of the Constitution of the United States and is subject to collateral attack. may move the court to vacate." (*Id.*) The remaining grounds listed are no more clear or meritorious, and the supplemental motion that incorporates them adds nothing. To the extent Berg intended to challenge the sufficiency of the evidence, it fails because the evidence was clearly sufficient to support his conviction on all six counts. The evidence included direct testimony of cooperators, audio and video surveillance, physical evidence, and Berg's videotape confessions. By any definition, the evidence would be considered overwhelming. Nothing contained in Berg's pro se motion constitutes a cognizable claim for relief. I therefore reaffirm my previous denial of his motion.

**B. The Supplemental Motions**

At a previous hearing the government suggested that Berg's supplemental motion might be barred because it was not filed within fourteen days after the verdict was returned. *See* Fed. R. Crim. P. 29(c)(1) and 33(b)(2). At the time, the government thought the time limits in Rules 29 and 33 were jurisdictional and thus the Court would lack the authority even to address them. Based on additional research, the government now advises that Court that the time limits are not jurisdictional and may be either forfeited by the government or extended upon a finding of good cause. In the interest of judicial economy, the government indicates it is waiving any objection to Berg's motions based on timeliness and agrees to a finding of excusable neglect for his failure to file the motions within the time allowed.

Based on the foregoing, the Court finds excusable neglect for Berg's failure to file his supplemental motions earlier. It is clear Berg intended to challenge his conviction via post-verdict motions, but due to the conflict with his attorney was unable to file a proper motion within the time

3

allowed. His newly appointed attorney needed additional time to review the record and transcripts of the trial. Based on the government's waiver and for the reasons set forth, the Court finds excusable neglect and extends the time for filing post verdict motions to March 13, 2012. Berg's supplemental motions are therefore timely and I will address them on their merits.

**1. Sufficiency of the Evidence**

Although the supplemental motion seeks a judgment of acquittal under Rule 29, it offers no argument that the evidence at trial was insufficient. Given the standard that governs such a motion, the question is not close. Berg is not entitled to a judgment of acquittal.

At a criminal trial, the burden is on the government to prove a defendant's guilt beyond a reasonable doubt. But once a jury finds that the government has met its burden, a court may not lightly overturn the jury's verdict.

> The test that the court must use is whether at the time of the motion there was relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government . . . bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.

*United States v. Marquardt*, 786 F.2d 771, 780 (7th Cir.1986) (brackets and citations omitted).

Here, as noted above, Berg does not come close to meeting that burden here. The evidence was more than sufficient to support the jury's verdict as to all six counts. Berg's own videotaped confessions, corroborated as they were by the testimony of the various witnesses, including several who had directly participated with him in the crimes charged, and the surveillance evidence, left little room for doubt. Berg's Rule 29 motion for acquittal must be denied.

## 2. Severance

Berg's Rule 33 motion for a new trial based on the alleged ineffective assistance of his previous attorney also fails. His argument that Attorney Obear was ineffective in failing to move to sever the marijuana and gun charges from the cocaine distribution charges fails because the charges were properly joined and a motion to sever them would not have been granted.

The crimes were properly joined in the indictment because they were either of the same or similar character, or were based on the same transaction or were connected with or constituted parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Conspiracy to distribute marijuana and distribution of cocaine are crime of a similar character. They both involve delivery of controlled substances. The gun charges arose out of the marijuana conspiracy. Berg was charged with illegally purchasing firearms and then trading them to his Canadian sources for high grade marijuana. Thus, the gun charges were connected with or constituted parts of a common scheme or plan.

Of course, even crimes that are properly joined should be severed if the defendant would suffer prejudice in facing them in a single trial. Fed. R. Crim. P. 14(a). No prejudice can be shown, however, when the evidence relating to the different crimes overlaps such that the same evidence that would be admissible at the trial of one offense would be also admissible at the trial of the other even if severance was granted. *United States v. Rogers*, 475 F.2d 821, 828 (7th Cir. 1973) (citing *Drew v. United States*, 331 F.2d 85, 91 (D.C. Cir.1964)). That is precisely the case here.

Although ATF's investigation of Berg's involvement in the guns for marijuana conspiracy took place before the Drug Task Force's investigation of his cocaine trafficking, Berg confessed to each of the schemes after he was arrested on the cocaine charges. He had decided to work with law enforcement in an effort to avoid jail or at least obtain a more lenient sentence, and he fully

confessed his involvement in both the marijuana conspiracy and the cocaine sales in several interviews with law enforcement, at least one of which was videotaped. His subsequent repudiation of his confession meant that evidence of the marijuana conspiracy would have been admissible in a trial of the cocaine sales even if a severance had been granted since it corroborated his confession. *See United States v. Blake*, 941 F.2d 334, 338 (5th Cir.1991) (because the defendant disavowed his confession, extrinsic evidence of unrelated drug activity to which the defendant allegedly confessed as part of his confession to the charged crime was admissible on rebuttal to corroborate officers' testimony about the confession) (abrogated on other grounds); *see also United States v. Carpenter*, 963 F.2d 736, 741 (5th Cir. 1992) ("The government was entitled to show the jury that the physical evidence substantiated Carpenter's confession to Agent Redman. In that way, the government could establish that Carpenter had not fabricated the confession, as Carpenter later claimed he had done."). The same reasoning applies here, and as a result, Berg cannot show that Attorney Obear's failure to move for severance was ineffective.

### 3. Suppression of Confession

Berg also argues that Attorney Obear was ineffective in failing to file a motion to suppress his July 16, 2010 confession on the ground that police had failed to read him his *Miranda* rights. This argument fails as well because it is clear from the record that such a motion would not have been granted. The evidence clearly establishes that Berg was not in custody at the time of the July 16 interview and, thus, Miranda rights were not required.

The July 16, 2010, interview came after Berg had given custodial video and written statements to Investigator Aronstein on June 23, 2010. Berg was fully advised of his rights at that time, and after waiving them, he admitted to both the cocaine dealing that the Drug Task Force had

been investigating, but also the large-scale dealing in Canadian marijuana that formed the basis of Count 1. Thus, even if the July 16, 2010, confession had been suppressed, his previous confession was admissible. Moreover, because the July 16, 2010 confession is clearly voluntary, it would have been admissible in any event as impeachment.

Wholly aside from these considerations, however, it is clear from the record that the July 16, 2010 confession did not take place within a custodial interview at which Miranda warnings were required. The transcript of the interview that was shown to the jury shows that the officers met with Berg at the courthouse and he accompanied them to the police department so they could talk in private. The interview begins with Aronstein explaining the reasons for coming to the police department to Berg and advising him the he is not under arrest and would be given a ride home when they were done. Berg responds "This is fine. I would rather talk in private anyway." (Ex. 41, pg. 1.) The transcript of the interview runs some 63 pages, and it is clear that Berg is still in a cooperation mode throughout. Berg was not arrested or handcuffed. He had his cell phone and even took a call during the interview.

Based on this evidence it is clear that Berg was not in custody. It follows that Miranda warnings were not required and a motion to suppress would not have been successful. Attorney Obear was not ineffective in failing to file such a motion.

**4. Testimony of Roland Peynetsa**

Lastly, Berg argues that Attorney Obear was ineffective in failing to call Roland Peynetsa as a witness. Peynetsa was the individual that served as a middle-man for the cocaine transactions that formed the basis of counts 4, 5 and 6 of the indictment. A police informant met with Peynetsa placed his order for the cocaine with Peynetsa and waited for him to call. The Drug Task Force

conducted surveillance and were able to observe Berg meeting with Peynetsa or entering his house shortly before each transaction. Peynetsa would then contact the informant to complete the transaction. During the first controlled buy, the audio and video surveillance captured Peynetsa, Berg and the informant meeting and talking at Peyntsa's house. After he was arrested, Peynetsa gave a videotaped confession in which he identified Berg as his source.

The government planned on calling him as a witness against Berg, but several months before trial, Peynetsa executed a notarized statement which allegedly exculpated Berg. Attorney Obear therefore subpoenaed Peynetsa for trial, even though he was uncertain whether his testimony would help given the other evidence in the case and Peynetsa's videotaped statement to the police. At the end of the second day of trial, Attorney Obear explained on the record and in Berg's presence that they had decided not to call Peynetsa because his own attorney had informed Attorney Obear that he advised his client not to testify. Attorney Obear stated that in his view that rendered Peynetsa unavailable which meant his statements to the government implicating Berg would not be admissible either. The Court indicated it appeared to be a strategic decision, and Attorney Obear indicated he had discussed the issue with his client. Berg now claims Attorney Obear was ineffective in failing to call Peynetsa as a witness in the hope he would testify notwithstanding the advice of his own attorney not to assert his Fifth Amendment privilege.

This claim also fails. It fails first because Berg has failed to alleged that Peynetsa would have testified against his own attorney's advice. As the record now stands, there is no reason to believe that he would have. The claim also fails because even if Peynetsa would have testified, it would not have helped. The government would have successfully impeached him with his prior videotaped statement implicating Berg, corroborated by the video surveillance evidence and Berg's

8

own confessions. Finally, the claim fails because not calling Peynetsa, even if he would have testified, was a sound strategic decision with which Berg agreed or at least acquiesced. Under the circumstances, the decision not to put Peynetsa on the stand was neither deficient performance nor prejudicial to Berg's defense.

## CONCLUSION

Accordingly and for the reasons set forth above, Berg's motion for judgment of acquittal or for a new trial is denied. The Clerk is directed to place this matter in the Court's calendar for sentencing within the next thirty days.

**SO ORDERED** this 2nd day of April, 2012.

BY THE COURT:

s/ William C. Griesbach
Honorable William C. Griesbach
United States District Judge